UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

THE HEIL CO. d/b/a,          )
HEIL ENVIRONMENTAL          )
                            )
    *Plaintiff*,          )
                            )
v.                          )          Case No. 1:08-cv-244
                            )
EVANSTON INSURANCE CO.,      )          Judge Mattice
                            )
    *Defendant.*          )
                            )

## MEMORANDUM AND ORDER

Before the Court is Plaintiff The Heil Co.'s ("Plaintiff Heil") Motion in Limine. (Court Doc. 30, Mot. in Limine.)  Plaintiff Heil requests that the Court prohibit any and all exhibits, questions, references, testimony, and arguments in the presence of the jury concerning: (1) the fact that Heil maintained excess insurance; (2) the fact that the excess judgment in the *Ronske* case was paid for by Heil's excess insurance carriers; and (3) the *Ronske* court's ruling regarding the plaintiff's request for prejudgment interest.  It contends that these subjects are irrelevant and prejudicial.  (*Id.* at 1.)

Defendant Evanston opposes this motion and contends that Plaintiff Heil's excess insurance coverage is relevant to the question of whether Heil is a sophisticated consumer of insurance products.  (Court Doc. 34 at 1-2, Def. Evanston's Resp.)  It further contends that the *Ronske* court's ruling on pre-judgment interest is admissible to show that the opposing party failed to make a good faith effort to settle the case prior to trial.  (*Id.* at 3-6). Finally, it argues that evidence pertaining to payments made by Plaintiff Heil's supplemental insurer is relevant to the issue of potential damages.  (*Id.* at 2-4.)

The *Ronske* court's finding with respect to the issue of pre-judgment interest is relevant to the issue of Defendant Evanston's conduct during the *Ronske* trial, including its willingness to settle the underlying claim. Thus, the Court finds that this evidence should be admissible for this limited purpose.

In contrast, evidence relating to the relative sophistication of the parties is irrelevant to the issue of bad faith. *NRC Corp. v. Sac-Co.*, 43 F.3d 1076 (6th Cir. 1995) (noting "reservations may derive from a hesitancy to award punitive damages in a contractual setting between two equally sophisticated parties (absent bad faith)."). Consequently, the relative sophistication of the parties, including the existence of supplemental insurance policies, is irrelevant to the issue of bad faith. Thus, the Court will exclude this evidence at trial.

Finally, the Court finds that there is sufficient case law to support a finding that Plaintiff Heil's contention that the supplemental insurance policies at issue fit within the meaning of "collateral sources" pursuant to the collateral source rule. For tort claims, such as bad faith, "Tennessee law follows the collateral source rule that does not consider such insurance policies in determining damages." See *Globe & Rutgers Fire Ins. Co. v. Cleveland*, 162 Tenn. 83, 34 S.W.2d 1059, 1060 (1931).

"The payment of premiums does not prevent the insurance policy from being classified as a collateral source." *Patterson v. Norfolk & Western Railway Co.*, 489 F. 3d 303, 308 (6th Cir. 1973). "Proceeds from insurance policies" are "covered by the collateral source rule." *Fye v. Kennedy,* 991 S.W. 2d 754, 764 (Tenn. Ct. App. 1998) (internal citations and quotations omitted).

Evidence of payments from supplemental insurers is inadmissible under the collateral source rule. *Foldes v. Farmers Ins. Exch.*, 2007 U.S. Dist. LEXIS 41311, at * 5 (E.D. La. March 6, 2007) (explaining evidence "insurance payments from an independent source, an underlying liability insurer and an uninsured motorist carrier, are inadmissible under the collateral source rule."). Similarly, evidence of payments from reinsurers or excess insurers are subject to the collateral source rule. *Kadlec Med. Center v. Lakeview Anesthesia Assoc.*, 527 F.2d 412, 425-26 (5th Cir. 2008). Other courts have also held that the proceeds from supplemental insurance are subject to the collateral source rule. *Warner v. Ford Motor Co.*, 2008 U.S. Dist. LEXIS, at * 2 (D. Colo. Nov. 6, 2008) citing *Berg v. U.S.*, 806 F.2d 978, 985-85 (10th Cir. 1986). Thus, the Court finds that evidence pertaining to Plaintiff Heil's supplemental or excess insurance policies is subject to the collateral source rule for the purposes of damages, and thus, is inadmissible.

Accordingly, Plaintiff Heil's Motion in Limine (Court Doc. 30) is **GRANTED IN PART** and **DENIED IN PART.** Evidence pertaining to Plaintiff Heil's supplemental or excess insurance policies is subject to the collateral source rule as to the issue of potential damages in the case and, thus, is inadmissible. Evidence pertaining to the relative sophistication of the parties, including the existence of supplemental insurance policies, is irrelevant to the issue of bad faith and, thus, is inadmissible. Evidence pertaining to the *Ronske* court's finding with respect to the issue of pre-judgment interest is relevant to the issue of Defendant Evanston's conduct during the *Ronske* trial, including its willingness to settle the underlying claim, and thus, is admissible for this limited purpose.

SO ORDERED this 3rd day of August, 2010.


_____/s/Harry S. Mattice, Jr._____

HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE